# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| LOBO WELL SERVICE, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARION ENERGY, INC., a Texas corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:07-cv-273-TC-PMW<br><br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Lobo Well Service, LLC's ("Lobo") motion to compel with respect to Marion Energy, Inc.'s ("Marion") responses to Interrogatory 6(b) contained in Lobo's Third Set of Interrogatories ("Interrogatory 6(b)") and Requests for Admission 34-36, 45-48, and 85 contained in Lobo's Fourth Set of Requests for Admission ("Requests for Admission").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is

---

[1] See docket no. 34.

[2] See docket no. 134.

not necessary and will determine the motion on the basis of the written memoranda. *See*

DUCivR 7-1(f).

In its reply memorandum, Lobo has indicated that after the filing of its motion to compel, Marion supplemented its response to Interrogatory 6(b). Based on that supplemented response, Lobo has indicated that the portion of its motion addressing Interrogatory 6(b) has been rendered moot. Accordingly, the court will not address the parties' arguments on Interrogatory 6(b).

The court now turns to the remainder of Lobo's motion, which deals with the Requests for Admission. In relevant part, rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [r]ule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Rule 36 also provides that

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

"Rule 36 was designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial." *Champlin v. Okla. Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963); *see also Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978). Responses to requests for admission may be established "as

undisputed material facts in the case, provided, the parties are in agreement about such facts."

*Champlin*, 324 F.2d at 76.

> Although [r]ule 36 is included in the division of the Rules of Civil Procedure covering depositions and discovery, requests for admission are distinguishable from other discovery devices. While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, [r]ule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.
>
> . . . .
>
> Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes. That is to say, resorting to requests for admission should not be considered a substitute for other discovery tools, if other tools are necessary to elicit facts, establish information, or to obtain documents.

7-36 Moore's Federal Practice - Civil § 36.02[1], [2] (2009) (footnotes omitted)

In this case, Lobo argues that Marion should be compelled to fully and properly respond to the Requests for Admission. In response, Marion argues that its responses to the Requests for Admission are sufficient. Marion also argues that the Requests for Admission improperly seek to establish material facts that are in dispute.

The court agrees with Marion. The Requests for Admission improperly attempt to establish disputed material facts that go to the heart of the claims and defenses in this case. Indeed, Lobo even admits that one of the Requests for Admission covers subject matter that is "a

3

big part of Marion's fraud claim."[3] While the court can appreciate Lobo's interest in eliciting information about those disputed factual issues, requests for admission are not the appropriate tool for that task. The rules of discovery provide Lobo with various other tools that are better suited and were designed for eliciting information and obtaining discovery of facts. In short, after considering both the subject matter of and Marion's responses to the Requests for Admission, the court does not believe that Marion's responses are inadequate or insufficient.

For the foregoing reasons, Lobo's motion to compel[4] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 7th day of October, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] Docket no. 135 at 10.

[4] *See* docket no. 134.