IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOBO WELL SERVICE, LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>MARION ENERGY, INC., a Texas Corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND MOTIONS TO STRIKE<br><br><br><br>Case No. 2:07-CV-273 TS |

    This matter is before the Court on three motions for partial summary judgement filed by Plaintiff Lobo Well Service, LLC ("Plaintiff" or "Lobo")[1] and a motion for partial summary judgment filed by Defendant Marion Energy, Inc. ("Defendant" or "Marion").[2] There are also four pending motions to strike portions of exhibits submitted by the parties.[3] Lobo seeks

---

[1]Docket Nos. 149, 151, 153.

[2]Docket No. 157.

[3]Docket Nos. 180, 182, 188, 210.

1

summary judgment on Marion's fraudulent inducement counterclaim,[4] and renews its motions for summary judgment on its negligent misrepresentation counterclaim[5] and contract-based counterclaims and damages.[6] Marion seeks summary judgment on Lobo's fraud claim.[7] For the reasons explained below, the Court denies all of the motions.

## I. BACKGROUND

The factual background of this case has been described in a prior order by the Court,[8] and there is no need to restate them here. Suffice it to state that the parties entered into a contract regarding Lobo's drilling a natural gas well for Marion. A dispute arose and Lobo brought a breach of contract action against Marion. Marion counterclaimed that the contract is voidable by Marion due to wrongdoing by Lobo, and Lobo then amended its Complaint to include a fraud claim against Marion.

The Court notes that Judge Campbell was initially assigned to this case and has recently recused herself. Her prior rulings on this matter are considered the law of the case.

## II. DISCUSSION

---

[4]Docket No. 149.

[5]Docket No. 151.

[6]Docket No. 153.

[7]Docket No. 157.

[8]Docket No. 106.

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[9] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[10] In the fraud claims before the Court, in order to deny summary judgment the Court must find that the evidence makes it reasonable for a jury to conclude that each element of fraud has been proved by clear and convincing evidence.[11] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[12] Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial."[13]

A.   LOBO'S MOTIONS TO RECONSIDER

The Court finds that Lobo's Motions for Partial Summary Judgment regarding negligent misrepresentation and contract-based counterclaims and damages are motions to reconsider prior decisions by the Court. Grounds warranting a motion to reconsider include (1) an intervening

---

[9] FED. R. CIV. P. 56(c).

[10] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[11] *Andalex Resources, Inc. v. Myers*, 871 P.2d 1041, 1046-47 (Utah Ct. App. 1994).

[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[13] FED. R. CIV. P. 56(e)(2).

change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.[14] Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[15] The only issue that Lobo raises to justify reconsideration is the recent Utah Supreme Court case *Davencourt At Pilgrims Landing Homeowners Association v. Davencourt At Pligrims Landing, LC*.[16]

The issue in *Davencourt* was whether the economic loss doctrine bars tort claims brought by a homeowners association against the developer and the builder of the town home complex in a construction defect action. The plaintiffs asked the court to overturn a 1996 case which established the economic loss rule. The court chose not to do so and held, "[t]he economic loss rule remains in force and should be applied in accordance with our precedent."[17] The bulk of the decision discusses whether specific exceptions should be added to the list of unique relationships that provide exceptions to the economic loss doctrine. In sum, *Davencourt* did not alter the economic loss rule in any significant way.

Because *Davencourt* merely restated the law, it does not justify reconsidering the issue of negligent misrepresentation. While the *Davencourt* court's discussion of unique relationships may have proved helpful in the Court's 2008 orders, there was case law on this subject at that

---

[14]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[15]*Id.*

[16]221 P.3d 234 (Utah 2009).

[17]*Id.* at 243.

time and this Court considered those cases. The Court's ruling from the bench explained its reasoning behind its September 17, 2008, Order. In the hearing, the Court made it very clear that it understood Lobo's arguments in favor of the economic loss rule and that the Court had carefully read the cases cited by Lobo.[18] The Court then denied Lobo's Motion for Partial Summary Judgment that hinged on its economic loss argument. Because *Davenport* does not change the law on this issue, the Court denies Lobo's Motion for Partial Summary Judgment regarding negligent misrepresentation.

The only justification Lobo has provided for the Court to reconsider the contract-based counterclaims and damages is that the analysis would change if the Court first granted its other pending motions for partial summary judgment. Consequently, the Court denies the Motion for Partial Summary Judgment Regarding the Contract-Based Counterclaims and Damages.

Additionally, the Court finds, as it did in prior rulings, that there are issues of material fact that preclude summary judgment on the negligent misrepresentation and contract-based counterclaims and damages that preclude summary judgment.

B.   LOBO'S MOTION FOR SUMMARY JUDGMENT ON MARION'S FRAUDULENT INDUCEMENT COUNTERCLAIM

Lobo moves for the Court to enter summary judgment against Marion on Marion's fraudulent inducement claim on the grounds that Marion has not met its burden regarding the knowledge/reckless element of fraudulent inducement. The fraudulent inducement counterclaim is based on three distinct allegations: that Lobo fraudulently represented (1) the quality of its drill

---

[18]Docket No. 117, at 37-38, 42-44, 55-57.

5

pipe as premium, (2) the currentness of the inspections of its drill pipe, and (3) the type of drill it would use.

In Utah, in order to prove fraudulent inducement a party must show

> (1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[19]

The parties dispute whether the standard for recklessness as stated above—which requires that Lobo knew it had insufficient knowledge on which to base its statements—is applicable or if a exception allowing mere recklessness applies. A general review of the case law on this topic shows that knowledge of insufficient knowledge is required here because the exception for vendors who hold unequal bargaining power, as outlined in *Dugan v. Jones*,[20] applies only to venders of real property.

The Court finds that material issues of fact exist regarding each of the three allegations of fraudulent conduct, specifically, whether Lobo appropriately relied on the representations of its pipe vendor, whether the inspection was current based on industry norms, and whether the differences between the pump used and pump agreed to is material. Consequently, the Court denies Lobo's Motion for Partial Summary Judgment Regarding Fraudulent Inducement Counterclaim.

---

[19]*Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002).

[20]615 P.2d 1239, 1246 (Utah 1980).

C.       MARION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In response to Marion's counterclaims which, if proved, may invalidate the contract between the parties, Lobo amended its Complaint to include a claim of fraud. This claim is only meant to provide relief to Lobo if the contract is not found to be valid. There is a clear dispute of material fact regarding Lobo's fraud claim, and the Court denies Marion's Motion.

Lobo's fraud claim is based on Marion's decision to stop processing Lobo's invoices on February 14, 2007, and failure to inform Lobo of that decision. Furthermore, Lobo claims that when it tried to communicate with Marion to resolve whatever issue had caused this stoppage of processing and issuing payment, Marion avoided communications for weeks. Lobo continued to perform work for Marion at a significant daily expense until it became clear to Lobo that Marion was not going to pay according to the contract, which was approximately two months after Marion stopped processing Lobo's invoices.

Marion disputes that it avoided contact with Lobo and that it avoided clearing up the invoice issue. This is a dispute of a material fact that precludes summary judgment.

D.       MOTIONS TO STRIKE

Lastly, the Motions to strike address evidence not necessary to the Court's determinations. Thus, they are denied as moot.

E.       SETTLEMENT CONFERENCE

As stated at the hearing on this matter, the Court expects the parties to conduct a settlement conference with a magistrate judge. The Court will refer the parties to do so in a separate Order.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment On Marion's Fifth Counterclaim for Relief (Fraudulent Inducement) (Docket No. 149) is DENIED;

ORDERED that Plaintiff's Motion for Partial Summary Judgment on Marion's Fourth Counterclaim (Negligent Misrepresentation) (Docket No. 151) is DENIED;

ORDERED that Plaintiff's Motion for Partial Summary Judgment regarding Contract-Based Counterclaims and Counterclaim Damages (Docket No. 153) is DENIED;

ORDERED that Plaintiff's Motion to Strike Portions of the Declaration of Doug Endsley (Docket No. 180) is DENIED as moot; and

ORDERED that Plaintiff's Motion to Strike Portions of the Declaration of Jerry K. Treybig (Docket No. 182) is DENIED as moot.

DATED  November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge