IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOBO WELL SERVICE, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MARION ENERGY, INC., a Texas Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO PRIOR OR CONCURRENT LITIGATION<br><br><br><br>Case No. 2:07-CV-273 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude References to Prior or Concurrent Litigation.[1] Defendant seeks the exclusion of any reference to or introducing any evidence concerning other litigation involving Defendant or instances where Marion has not paid or made late payments to contractors and vendors. Plaintiff opposes the Motion on three grounds: (1) "Marion's involvement in other litigation and Marion's conduct leading to the other litigation informs [the issue of whether Marion intended to temporarily or

---

[1]Docket No. 283.

1

permanently stop payment to Lobo], and is relevant as it tends to make it more probable that Marion never intended to resume paying Lobo."; (2) "Marion itself has indicated that it will present evidence that it paid Unit Drilling, the contractor it hired after Lobo, in full, *presumably as evidence that it pays its bills*. . . . Lobo must be permitted to discredit that evidence by showing that Marion's true practice is quite the opposite."; and (3) the probative value of the evidence outweighs any prejudice or jury confusion.[2]

Fed.R.Evid. 401 broadly defines relevant evidence. Rule 402 declares that relevant evidence is generally admissible. Rule 403 allows Courts to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues."

In putting on its case-in-chief for breach of contract, any reference by Lobo to Marion's fee disputes would be irrelevant and potentially be extremely prejudicial towards Marion. Thus, the Motion will be granted and Lobo Well shall not put on evidence of other instances involving pay disputes in its case-in-chief.

However, if Marion raises the issue that it timely paid the drilling company that drilled the well subsequent to Lobo Well's rigging off the ADS well, then it *may* be relevant for Lobo to refer to Marion's fee disputes with other contractors and vendors. Thus, Lobo may request that the Court revisit this Motion if Marion opens the door to the issue of its paying its contractors by its depiction of itself. It is therefore

---

[2]Docket No. 309, at 2-3 (emphasis in original).

ORDERED that Defendant's Motion in Limine to Exclude References to Prior or Concurrent Litigation (Docket No. 283) is GRANTED.

DATED   April 15, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge