IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOBO WELL SERVICE, LLC, a Utah Limited Liability Company, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING STATEMENTS ALLEGEDLY MADE BY KERI CLARKE |
| vs. | |
| MARION ENERGY, INC., a Texas Corporation, | Case No. 2:07-CV-273 TS |
| Defendant. | |

This matter is before the Court on Defendant's Motion in Limine to Exclude Testimony Regarding Statements Allegedly Made by Keri Clarke.[1] For the reasons discussed below the Court will deny the Motion.

In August of 2007, Mr. Clarke, Marion Energy, Inc.'s, Vice President of Land, suffered a serious stroke and heart attack that affected his memory, including his recollection of events at

_____

[1] Docket No. 277.

issue in this litigation. As a result, the parties stipulated that Mr. Clarke would not testify either in a deposition or at trial. However, Defendant believes that Lobo Well Service, LLC (Lobo) will likely seek to introduce at trial statements Mr. Clarke made in conversations with Lobo representatives regarding settlement and compromise. Defendant asserts that since these statements were made in conversations regarding settlement and compromise, they are not admissible under Federal Rule of Evidence 408.[2] Plaintiff contends that Mr. Clarke's statements were simply communications about their contractual obligations and were not in furtherance of compromise negotiation.[3]

Federal Rule of Evidence 408 provides that:

[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible . . . This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Rule 408 "bars admission of evidence relating to settlement discussions if that evidence is offered to prove liability for or invalidity of the claim or its amount."[4] However, Rule 408 does

---

[2]*Id.* at 2.

[3]Docket No. 308, at 4.

[4]*Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992) (internal citation and quotation marks omitted).

not apply to "business communications" where discussions have not "crystallized to the point of threatened litigation, a clear cut-off point."[5]

The Court is persuaded that the alleged statements by Mr. Clarke were not statements made in compromise negotiations subject to Rule 408, but rather were business communications made before the discussions had "crystallized to the point of threatened litigation."[6] Consequently, the Court Denies the Motion. It is hereby

ORDERED that Defendant's Motion in Limine to Exclude Testimony Regarding Statements Allegedly Made by Keri Clarke (Docket No. 277) is DENIED.

DATED April 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*Big O Tire Dealers v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1373 (10th Cir. 1977) (communications between Big O and Goodyear representatives were not offers to compromise a dispute but were simply business communications and were relevant and material to show knowledge, willful infringement, and misconduct by Goodyear).

[6]*Id.*