IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LOBO WELL SERVICE, LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>MARION ENERGY, INC., a Texas Corporation,<br><br>    Defendant. | AMENDED MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MARION FROM PRESENTING DEFENSES OF WAIVER AND ESTOPPEL<br><br>Case No. 2:07-CV-273 TS |

    This matter is before the Court on Plaintiff's Motion in Limine to Preclude Marion from Presenting Defenses of Waiver and Estoppel.[1] For the reasons discussed below, the Court will grant the Motion.

    In 2008, Marion sought leave to amend its Answer and Counterclaims. Marion's motion attached a proposed Amended Answer and Counterclaims as an exhibit. The proposed Amended

---

[1]Docket No. 298.

1

Answer and Counterclaim did not include the counterclaim of "waiver, estoppel, and/or laches." The Court granted the Motion, but the Amended Answer and Counterclaim that were eventually filed contained a counterclaim for "waiver, estoppel and/or laches."[2]

Plaintiff now moves this Court to preclude the defenses of waiver and estoppel because the counterclaim was not filed in accordance with the Federal Rules of Civil Procedure. Defendant does not dispute that the filing of its waiver and estoppel counterclaim violates the Rules of Civil Procedure. Rather, Defendant argues that Plaintiff would suffer no prejudice from the claims being presented at trial because Plaintiff was put on notice of the claims when the Amended Answer and Counterclaim were filed. Thus, Defendant argues that the pleadings should be amended under Rule 15(b)(1) to include its waiver and estoppel counterclaim.

The Court is concerned with the filing of the waiver and estoppel counterclaim. Additionally, the Court finds that Defendant's other counterclaims adequately protect its interest in this matter. Rule 15(b)(1) states that during or after trial a court should "freely permit an amendment when doing so will aid in presenting the merits" of a case. The Court finds that the estoppel and waiver counterclaim would not aid in "presenting the merits" of this case. As it has previously stated, the Court is concerned that the parties are unnecessarily complicating this matter. It is therefore

ORDERED that Plaintiff's Motion in Limine to Preclude Marion from Presenting Defenses of Waiver and Estoppel (Docket No. 298) is GRANTED.

---

[2]Docket No. 108, at 7.

DATED   April 18, 2011.

                                          BY THE COURT:

                                        _____

                                        TED STEWART
                                        United States District Judge